The next case for argument is Ward v. Safeco, and I believe our counsel are all here in Mr. Palmer, when you're ready. Good morning, and may it please the Court. My name is Lincoln Palmer, I represent Appellant Plaintiff Virginia Ward, and I reserve about three minutes for rebuttal. You wouldn't know it from first glance, but this case, both issues that are unrelated actually heavily involve analysis of ensuing loss clauses. So I want to talk about illusory coverage for just a couple minutes before moving to efficient proximate cause. The critical point on this issue that Ward has been trying to prove is that in order to have the need to replace land supporting your dwelling, there must first necessarily be earth movement. And Safeco does not contest that in the briefing. Safeco doesn't contest that earth movement is a condition precedent to land replacement. What Safeco does do is it claims that there's one sentence that saves this from being illusory coverage, one sentence in the earth movement and the water damage exclusions that is a carve out and actually renews coverage for those excluded losses. The sentence is, we do cover direct loss by fire, explosion, or theft. Now Ward has explained in the briefing the multitude of ways in which that's simply an ensuing loss clause. It doesn't revive coverage for excluded losses. But perhaps the best example is just the inescapable contradictions that that interpretation produces. So the policy reads, we do not ensure for loss caused directly or indirectly by earth movement, meaning volcanic explosion. A couple sentences later, the provision reads, we do cover direct loss by explosion. So Safeco is not excluding losses by volcanic explosions and then immediately renewing losses for volcanic explosions. It's simply an ensuing loss clause there. Let me ask you this. What if anything of the Montana court said about the remedy for illusory coverage? Do you get your premium back? What if we were to find that the land stabilization coverage is illusory, what's the remedy under Montana law? The remedy as I understand it is that that portion of the policy that's illusory is read in favor of coverage of just that specific portion of the policy. And so with the underinsured coverage that was found illusory, they were just entitled to that coverage. Moving to the example of coverage that the district court used, again, there's a whole host of reasons why that's not an example of coverage of the land replacement at all. But an important point there is that that is in Congress with Safeco's only reason why it believes the policy is not illusory, which is the ensuing loss clause in the exclusion. Moving to efficient proximate cause. And just I want to make sure I don't lose the thread on this. What case? Is it a Montana Supreme Court case that talks about the remedy? Where are you drawing that from? It is. Let me find it here. The. It's State Farm v. Gibson, 2007. I believe that there the insurers were actually entitled to their the coverage that the court found was illusory. So for efficient proximate cause, this is a common law public policy doctrine in Montana adopted in the 1920s, analyzed more recently, and even reaffirmed recently. The. An apt description of this doctrine in general from Couch on Insurance, for example, is where an insured risk itself sets into operation a chain of causation in which the last step may have been an accepted risk. The accepted risk will not defeat recovery. And the reason we're here is that Ward's insurance policy covers accidental discharge of water from a plumbing system, her water main, and. She suffered accidental discharge of water from her water main that led to a chain of causation which damaged her dwelling. The last step in that chain of causation was an excluded peril for the movement. What is the basis for your argument that under Montana law, parties are not permitted to contract around the efficient proximate cause doctrine through an anti-concurrent cause clause? So that comes from the federal district court holding an alts. But that's not that's not binding, is it, on us? That's that's true. That's correct. And so the in Montana, the. It comes down to the public policy of insureds expectations of coverage when the policy says something is covered. Losses stemming from that should be covered, too. And in alts specifically, it holds an anti-concurrent cause clause may not exclude the efficient proximate cause of the loss. But that's not really the question that we're here to answer. Whether Safeco may or may not circumvent Montana's public policy. The question we're here to answer is whether the district court here correctly analyzed the efficient proximate cause of the loss after it held that this particular anti-concurrent cause clause requires an efficient proximate cause analysis. But it seems like the district court essentially relied on alts for the idea that. ACC clauses are both permitted are permitted, but only as long as they don't. Preclude application of the efficient, efficient proximate cause doctrine. But again, I'm not sure that makes. Complete sense when you look at the cases from other jurisdictions, the idea is that if you contract around efficient proximate cause, you've contracted around efficient proximate cause. And so as I read your papers, your basis for saying that this clause doesn't do that is what the alts court found. But if we were to disagree with the alts court, couldn't we simply find that on its face, this this ACC clause supersedes the operation of the efficient proximate cause doctrine as a matter of the agreement that the parties entered into? So it's our position that in Montana, because of the expectations of the insurance, that an insurer would not be able to contract around the doctrine. But again, that is not the primary point here at all. But why not? That's exactly what Safeco is arguing. That's their primary argument. It's because the expectation of a lay insured, when they buy a policy that covers their pipes from bursting and damaging their house, they expect when their pipes burst and damage their house, that that'll be covered. So that's where that reasonable expectation stems from. Well, but the that is important. It could be that is if your hardwood floors get ruined, they get replaced, but not if a giant sinkhole is created. Right. Sure. And here we have we have a covered loss that begins this entire cause of chain of causation. But the holding in alts, the holding in ward below, the holding in Hirschman v. Safeco, is that this particular anti-concurrent cause clause does not preclude a efficient proximate cause analysis. And the reason is because of the word cause in that anti-concurrent cause clause. And in Montana, the law is that insurance policies in general and specifically exclusionary clauses must be read narrowly and strictly against the insurer and in favor of the insured. And we've got court after court after court that holds that this particular anti-concurrent cause clause doesn't circumvent the doctrine. And when you take that into account with Montana's requirement that exclusionary clauses be read narrowly and in favor of the insured, we get the same result here for the fourth time now that this particular anti-concurrent cause clause does not circumvent Montana's public policy doctrine. And really, that's all Ward seeks here is an efficient proximate cause analysis to take place. What the district court did is say, yes, this anti-concurrent cause clause can't circumvent the doctrine. We still must perform an efficient proximate cause analysis here. And then the district court found we've got an excluded peril that is in the chain of causation, so no coverage. That's a misapplication of Montana efficient proximate cause law. Montana efficient proximate cause law, it begins with an acknowledgment that excluded perils and covered perils both contributed to the loss. That's the start of it. Then you move to the steps which are clearly laid out by Park-Saddle and other cases, which is that, quote, the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation. And I submit that here it's clearly the covered water main discharge that set this loss into operation. And if that is significantly disputed, then a jury should hear the issue. Quickly, before I reserve the rest of my time, Safco argues that Green is not a case in which the efficient proximate cause doctrine was used or mentioned or had anything to do with Green. It claims that the analysis was simply about the policy language. But in Green, it was an ensuing loss clause, and the Green ensuing loss clause simply noted, as ensuing loss clauses do, that fire occurring after an explosion is covered, but the explosion is never covered. And so here again, we've got Safco not appreciating the function and the plain meaning of an ensuing loss clause. And the reason Safco is arguing that Green is not an efficient proximate cause doctrine case is that the analysis about what the efficient proximate cause of a loss is in Green defeats Safco's argument that the IRF movement here has to be the efficient proximate cause rather than the covered initial peril of the water discharge. And I'll reserve the remainder of my time. Thank you. Ms. Murphy. Thank you. May it please the court. Brooke Murphy on behalf of Safco Insurance Company of America. I want to begin by addressing some of Justice Gilliam's arguments regarding, or excuse me, questions regarding the anti-concurrent cause doctrine. And I think that one of the points that Judge Gilliam made was that the purpose of the insurance company's intent was to circumvent the efficient proximate cause doctrine. Every case that has analyzed this issue, and we've cited those cases beginning on page 18 of our brief, addresses this issue and considers whether or not the policy language used by the insurer in each of those cases was sufficient to express that insurance company's intent to circumvent the efficient proximate cause doctrine. And in this case, Your Honors, there can be no question that the policy language utilized by Safco did just that. And we can look at the cases that have analyzed the policy language in anti-concurrent cause clauses to come to that conclusion. The policy language at issue here states, we do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. Has the Montana Supreme Court ever taken a look at these anti-concurrent? It has not, Your Honor. The Montana Supreme Court has not yet looked at anti-concurrent cause clauses and their enforceability. And I can jump to that issue now. I think it's very important that the only efficient proximate cause case in Montana is Park Saddle, which is a 1927 case decided nearly a century ago. That is the case where the Montana Supreme Court adopted the efficient proximate cause doctrine. And if we look at the Park Saddle case, we see a very detailed analysis completed by the court in that case regarding why saddle horses were the efficient proximate cause of that loss. And it talks about the fact that there were 700 horses utilized, that no one could go on a tour if they weren't on a saddle horse, that the individual who was injured at that time was only off the saddle horse because she was climbing a steep incline and that's where her injury occurred. After she climbed the incline, she then got back on the horse, et cetera, et cetera. But what's more important from our perspective in this case is the Supreme Court's invitation to limit coverage in the Park Saddle decision. At page 883 of its opinion, the Montana Supreme Court, even in 1927, said if the insurer had intended to limit the liability of the insured, which it proposed to indemnify for injuries received by patrons of the plaintiff from the direct action of horses, it would have been easy for it to say so. So even in 1927, the Supreme Court's inviting insurers to limit coverage in certain situations, which is exactly what Safeco has done in this case. It's crafted its anti-concurrent cause clause to limit coverage when excluded causes contribute directly or indirectly to the loss at issue, regardless of when that excluded cause occurred within the chain of causation. So the district court here and the district court in the other, what's the other case? Oltz, Your Honor. Yeah, Oltz. You know, they came up with this notion that you have to read in the efficient proximate cause with the anti-concurrent cause clauses as well, and they're only valid if they don't exclude or preclude. What do you think is driving that idea? I don't know. It's interesting when you look at the Oltz case, the district court kind of talked out both sides of its mouth. I don't know how else to explain it. On one hand, they acknowledge that Montana does not have this vast body of case law that California and Washington has. California's anti-concurrent cause clause is predicated on statute. Section 530 of the California Insurance Code specifically says insurance companies and all risk policies cannot contract around the efficient proximate cause doctrine. Obviously, in Montana, we have no such statute. And then the district court in Oltz also looked to Washington case law and it said Washington has this massive book of case law beginning with Graham and continuing through Hirschman, which clearly states that insurance companies and all risk policies cannot contract around the doctrine. And the court says Montana has neither. We don't have that vast book of case law or the statutory law. But then the court does say that efficient proximate cause has to be consistent. I don't know how else to put it with the anti-concurrent cause clause. And I can't reconcile that. Let me ask you this. So if we agree with your argument that the insurance companies can contract around the happened here and that's OK, does that that just ends their case? Yes, they're just out of court. It does. It ends their case. And the reason being that plaintiff, even at page 32 of her briefing, admits that Earth Movement contributed to this loss and further admits that if the anti-concurrent cause clause is upheld, then there is no coverage under the policy. But there's a second exclusion, Your Honors, that apply in this case. That's the water damage exclusion. And it also precludes coverage in this case. And I believe it precludes coverage perhaps more firmly than the Earth Movement exclusion because there is no question that the pipe that burst in this case was buried four feet below the surface of the ground. So I'm jumping ahead to our argument concerning the efficient proximate cause of this loss should the court disagree that the anti-concurrent cause clause trumps here and dictates the result in this case. But from our perspective, even if plaintiff's claim in this case is taken as true, that the burst pipe was the efficient proximate cause of the loss, assuming again the anti-concurrent cause clause does not apply, they still lose because the pipe was buried four feet below the surface of the ground. And what the courts have said that have looked at this water damage exclusion is that it doesn't matter whether the water was naturally occurring or whether it came from a pipe as it did in this case. And so from our perspective, either way, whether we look at the case pursuant to the anti-concurrent cause clause, which we believe is how this case should be looked at, or we look at this case from the perspective of the efficient proximate cause doctrine, as the Olds decision indicates we should, there's still no coverage in the case. Regarding, oh, sorry. So let me ask you this, what did they get for this insurance policy in this kind of situation? What, was anything covered? No, Your Honor. And I presume you're going to the land stabilization coverage issue, which I'll address. The land stabilization coverage is very limited. So if you look at coverage for dwelling A under the policy, which is what plaintiff seeks coverage under, excuse me, coverage A, which is the dwelling, that coverage specifically states that it does not apply to land, including land on which the dwelling is located. So there's no coverage for land beneath the dwelling, for the dirt beneath the dwelling, land stabilization coverage applies. Here, land stabilization affords an additional $5,000 in coverage for the costs associated with replacing, rebuilding, stabilizing, or otherwise restoring the land necessary to support the dwelling. So before that coverage applies, it seems there has to be some earth movement. And so it's like the cat chasing its tail. It seems that there would be no circumstances under which someone could recover for the land replacement. Yes. And that goes to the plaintiff's illusory coverage argument. And I understand where plaintiff is coming from on that issue, but the argument that they are making forgets the fact that there is an additional $5,000 in coverage for land stabilization in situations that are covered under the policy, excuse me, explosion, fire, theft. In those cases, $5,000 in land stabilization coverage would be afforded. Additionally, addressing their argument regarding the vehicle hitting the building and plaintiff's argument that that could never occur, that's incorrect because a building itself off its foundation, it could push the building over rather than moving the dirt. And in that case, there would have to be some stabilization and land brought in to address that situation. So we believe the illusory coverage argument is not well taken, Your Honor. Additionally, I can just say it really seems to come down to a pretty simple question. The land stabilization coverage kicks in if you have to replace, rebuild, stabilize, or otherwise restore land, right? So that's the only time that that would even be needed. But how could you ever have that circumstance without that involving earth movement, which is sinking, rising, shifting, expanding, or contracting of earth? I get that the land stabilization coverage only kicks in when there's a covered loss. I think what the plaintiff is saying is, by definition, there would never be a covered loss that then triggers the land stabilization coverage based on the way it's framed. And so I think it's really that simple. When could there ever be that land stabilization set of circumstances that doesn't immediately get negated by the framing of the earth movement exclusion? And you are correct, Your Honor, to a certain extent, because I do believe that a land stabilization would be covering itself, the foundation itself, rather than the land. And then land stabilization would be required. So I want to make that distinction. With that said, the earth movement exclusion specifically states that we do cover direct loss by fire, explosion, or theft. And that's where we're bringing it back in. And I understand that that plaintiff is arguing that that doesn't give coverage under the policy. Well, let me ask this, though, as you're speaking on behalf of your client, saying something in court that's going to apply in future cases, are you saying that we do cover direct loss by fire, explosion, or theft is an exception or an exclusion from the earth movement clause? I think with regard to land stabilization coverage, what we're saying is there would be that $5,000 independent coverage for direct loss associated with fire explosion or theft. Does that make sense? So in those situations, there would be $5,000 in land stabilization coverage available for providing more stabilization for the building in the form of moving in dirt or retaining walls or whatever is necessary. But wouldn't that have been preceded by earth movement? It would be preceded by earth movement, but the policy specifically states that the earth movement exclusion does not apply, that, excuse me, that we do cover. Well, that's what I'm trying to understand. It's important. Are you saying that we do cover direct loss by fire, explosion, or theft creates a carve out from what would otherwise be the applicable earth movement clause? Essentially, your opposing counsel is saying that's just an ensuing loss provision. That means if a covered loss is caused by earth movement, we still cover the ensuing covered loss. And Your Honor, I think that's correct. What the policy is stating that if the loss is fire, explosion, or theft, then direct loss is caused by those perils is covered. And what we're saying is even if there was earth movement, sorry, even if there was earth movement, even if there's earth movement, that's why that provision is found in the earth movement exclusion. It's acknowledging that there may be situations where direct loss by theft, for example, someone burrows under the building would encapsulate earth movement. And then the land stabilization coverage kicks in. Because remember, there's no coverage for land beneath the dwelling, period, except when land stabilization applies. I briefly want to address the issue regarding the Montana Supreme Court. I think it's important that, and Judge Gillum acknowledged this, that Olds and Ward are not binding on this court. What this court has said when it's considering an issue of first impression is that it will, and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest court would reach if deciding the case. And carrying that forward in Strother v. Southern California, Permanente 79F3D859, this court said it should rely on other persuasive authorities, including treatises and decisions from other jurisdictions as guidance. And that persuasive authority, Your Honors, includes all of the cases we cited in our brief. It includes Couch. It includes Appelman and the treatises that we relied on in our brief. And the inescapable conclusion in this case, based on Montana Supreme Court case law, is that the anti-concurrent cause clause is enforceable. The Montana Supreme Court has not declared that it is not. In fact, in Stutzman, the Montana Supreme Court specifically says that parties, or excuse me, that parties to an insurance contract may include limitations on coverage unless there's a statutory mandate to the contrary. There is no statutory mandate here, Your Honors. The anti-concurrent cause clause is enforceable. All right. Thank you. Thank you. Mr. Palmer. I have three brief points. The first point is that this case is the only time that Safeco will ever argue that there's a carve-out, and its earth movement exclusion actually does cover earth movement in many situations, and its water damage exclusion actually does cover water damage. The provision at the end is merely an ensuing loss clause, which Safeco's parent company explains in other cases, this never will cover the excluded loss. It's only about losses occurring afterwards that are already covered. As to the water damage exclusion, this argument is a disingenuous argument by Safeco. Safeco explained to Ward multiple times that the water damage exclusion covers only groundwater. That's where Ward's belief stems from. Safeco is now saying no reasonable insured could believe that this policy provision, the exclusion, only applies to groundwater when Safeco itself and its supervising adjusters say that it applies to groundwater. And even Safeco on appeal states that if fire hose water gets under the surface of the ground, that's covered. That's one of its examples of coverage. Safeco is, it knows that there's a difference between groundwater and other covered water that happens to be under the surface of the ground. Finally, what Safeco just said was that plaintiff admits that if the anti-concurrent cause clause is upheld, the plaintiff loses here. That's not the argument at all. Our argument primarily is that under this particular anti-concurrent cause clause, according to Oltz, according to the lower court here, according to the persuasive precedent in Hirschman, you still must perform the efficient approximate cause analysis. And that's all we're looking for. Thank you. Thank you. All right. This case is taken under submission and that is our last case for argument this morning. And we are adjourned. All rise.
judges: PAEZ, BADE, Gilliam